BLUE, Judge.
Johnnie Mangham appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He contends that his fifteen-year prison sentence is illegal because it was imposed after revocation of a two-year probation period that followed a five-and-one-half-year prison sentence. He appears to contend that his two-year period of probation constituted a cap on any prison sentence he could receive as the result of violating probation. We agree *31 with the trial court that the probationary-period did not limit the sentence the court may impose upon revocation.
The trial court also correctly ruled that Mr. Mangham’s conviction for a second-degree felony would justify a fifteen-year prison sentence if the defendant received credit for time served. Unfortunately there are no attachments verifying the conviction or sentence, only a statement by the trial court that a review of the court records supports the denial of the motion. We feel confident the records support the trial court’s conclusion, but we do not have documentation in our record. We are, therefore, required to reverse and remand to the trial court to either grant the motion or deny with appropriate attachments from the record.
Reversed and remanded.
PATTERSON, C.J., and FULMER, J., concur.